Alexander J. Hersha, Esq. Village Attorney Village of Elbridge
You request our opinion whether a village mayor or trustee at the same time may be a town supervisor or councilman. The village officers mentioned constitute the village board of trustees and the town officers mentioned constitute the town board. You point out some apparent inconsistency in prior opinions of this office and of the office of the Comptroller and request reconsideration and clarification.
The leading case on compatibility of office is Peo. ex rel. Ryanv Green, 58 N.Y. 295 (1874), which provides, in part, commencing at page 304:
 "* * * It may be granted that it was physically impossible for the relator to be present in his seat in the assembly chamber, in the performance of his duty as a member of that body, and at the same time at his desk in the court doing his duty as deputy clerk thereof. But it is clearly shown in those opinions, that physical impossibility is not the incompatibility of the common law, which existing, one office is ipso facto vacated by accepting another. Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the same attempt by one person to faithfully and impartially discharge the duties of one, toward the incumbent of the other. * * * The offices must subordinate, one [to] the other and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law."
The rule laid down in the case may be modified by statute, of course.
Old opinions of this office and those of the Comptroller going back to 1945, when that office began issuing legal opinions, interpreted compatibility of these positions in the light of the then Village Law § 42 which was substantially the same as the present Village Law § 3-300 (4). The current statute provides as follows:
 "4. Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
(Emphasis added.)
This provision allows a village officer to hold a town office only if there is no common law incompatibility.
Prior to 1959, the duties of town board member and member of a village board of trustees did not appear to lead to an inevitable conflict of interest. Until then all real property in a village was exempted from the levy and collection of taxes by the town for repair and improvement of highways (see Highway Law § 277 as reenacted by chapter 63 of the Laws of 1936). However, that provision was amended by chapter 847 of the Laws of 1959, continuing the exemption for towns of the second class but making the exemption for villages in towns of the first class a matter of discretion of the town board. Highway Law § 277 was again amended by chapter 73 of the Laws of 1963, making the exemption of village property in either category of town a matter of discretion of the town board.
Both this office and the office of the Comptroller expressed reservations over the years as to the desirability and wisdom of the simultaneous holding of these offices, particularly since the appearance of the Municipal Cooperation Law as Article 5-G of the General Municipal Law (§§ 119-m, 119-n, 119-o and 119-oo) and other similar statutes but apparently because of the earlier opinions, we did not change our conclusions. On February 12, 1980, this office, in an informal opinion addressed to Donald R. Guerra, Esq., concluded that the Highway Law provision makes it inevitable that an individual who is a member of both a town and a village board must subordinate the interests of one community to those of the other. A copy of that opinion is enclosed for your convenience.
This subordination of one position to the other will occur only once a year but it is inevitable that it will occur once a year. The budgetary process of the town and the village constitute, in the aggregate, about five months of the year and the impact of the decision upon the taxes of the village and the town can be substantial. This single factor alone makes the positions incompatible. It is our conclusion that because of statutory changes, earlier opinions to the contrary no longer express the law of this State.
In our opinion the same person may not hold simultaneously the two offices of member of a town board and member of a village board of trustees because the holding of those two offices by the same person at the same time constitutes a conflict of interest.